*HENRY* vs. *HYDE & AL.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff obtained an injunction to prevent the sale of a lot of hers, under a *fi. fa.* against her father. The defendants refused her application on an averment that the lot is her father's and not her's—that the deed under which she claims, was made in fraud of his creditors—that she was a minor at its date, and could not acquire property.

There was a verdict for the plaintiff, which the defendants unsuccessfully attempted to set aside. The injunction was made perpetual, aud the defendants appealed.

The defendants having pleaded fraud, were bound to establish it by proof; for fraud is never presumed. Of the evidence introduced, which is all testimonial, the jury were the proper judges; and the inferior court has approved their verdict. Indeed, we cannot see how it could have been otherwise.

The debt of the plaintiff, on which judgment was obtained in this court, in July, 1825, vol. 4, 51, is posterior in its creation

EasternD a'c
*April*, 1827.

A father who is not indebted, may purchase property for his child, and in its name, and subsequent creditors cannot attack the act as fraudulent.

to the date of the deed; which is a notarial one, and is not alleged to be anti-dated. So that it does not appear, that at that time, James Henry had any creditor to defraud.

If he owed no debts, and *de non apparentibus* and *non existentibus, eadem est lex,* he might well purchase property for his minor child, in her name.

The premises were never the father's property. If the deed was fraudulent and void, it passed no property from the vendor. If the father acquired any right by furnishing the price, he or his creditor must exercise it directly, by an action. In *Richards* vs. *Wallace & al. vol.* 3, 338, we held, that if the sale to the plaintiff was fraudulent, suit should have been brought to set it aside. The sale could not be treated by the defendants as a nullity, and the property sold as if no alienation had taken place.

The only circumstance, which might be of any weight, in proving the fraud, is, that the price of the premises was paid by the father; but of what weight can it be, when there is not the least tittle of evidence that he owed a farthing at the date of the deed, which is attacked as faudulent.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

EasternDis'ct
*April*, 1827.

HENRY
*vs.*
HYDE & AL.

*Preston* for the plaintiff, *Lockett* for the defendants.