EASTERN DIS.
June, 1832.

MORGAN
vs.
DAVIS.

---

## MORGAN (SYNDIC) vs. DAVIS.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

The creditors of the vendor cannot make use of the right of redemption.

Where a sale is attacked as simulated and entered into with a view of defrauding creditors, the plaintiff must show that he was a creditor at the time the conveyance was made.

The syndics of an insolvent may bring all actions which relate to the property ceded, but they do not represent him for matters which are exclusively personal.

The facts are stated in the opinion of the court delivered by PORTER, J.

The insolvent, a considerable time previous to his failure, made an absolute bill of sale to the defendant, of two lots of ground and a house erected thereon. The next day, by act *sous seing privé*, it was agreed between the parties, that Reynolds might take the property back at any time within four years, on the condition that he paid a certain stipulated rent

for the house and lots, the occupation of which he continued in, and that he returned the purchase money.

From a paper produced in evidence, which was executed between the parties previous to the bill of sale being passed, as well as from other evidence in the cause, we are satisfied, that when the absolute deed of sale was executed, it was the understanding of the parties, and made a part of their agreement, that the act *sous seing privé*, conferring on the vendor the right of redemption, should also be signed by them. It was therefore a *vent à rémére*, and by the 2563d article of the Louisiana Code the creditors of the vendor cannot make use of this right of redemption.

*The creditors of the vendor cannot make use of the right of redemption.*

If we consider the transaction in the only other point of view of which it is susceptible, namely, that it was simulated and entered into for the purpose of defrauding creditors, there is equally as fatal an objection to the plaintiff's right of recovery. They do not show they were creditors at the time the conveyance was made.

*Where a sale is attacked as simulated and entered into with a view of defrauding creditors, the plaintiff must show that he was a creditor at the time the conveyance was made.*

It has been urged in this court that the syndic of the insolvent's estate represents the insolvent, and can bring all actions in which he is personally interested. We do not know of any law which confers such authority. Syndics, it is true, may bring actions in which the insolvent has an interest. Such are all those which relate to the property ceded, for he is entitled to the overplus after his debts are paid. But they do not represent him for matters which are exclusively personal. They are not his legal assignees of a right of this description.

*The syndics of an insolvent may bring all actions which relate to the property ceded, but they do not represent him for matters which are exclusively personal.*

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that there be judgement for defendant, as in case of nonsuit, with costs in both courts.

*McCaleb*, for appellant.    *Hennen*, for appellee.