BRUNET
*vs.*
DUVERGIS,
SYNDIC, ETC.

exception, and that it was the duty of the defendants at the same time to show that those who were not sued were amenable to the jurisdiction of the court.

Admitting the regular practice to be, that this matter should be pleaded in *limine litis,* we do not see how the plaintiffs could be benefited by the recognition of the rule. All the obligors were made parties, in the first instance, to the suit. The plaintiffs, after issue joined, discontinued as to some, and by doing so left the defendants no remedy but to take advantage of it at the trial. As the general rule is that all must be sued, and the exception, if it be one, is that the co-debtors cannot be brought before the court, we think it is sufficient for the defendants to show that all are not made parties, and that it is the duty of the plaintiffs to establish the facts which makes their case an exception.

*It is sufficient for the defendants sued on an obligation, to show, that all the co-obligors are not made co-defendants, and the plaintiff must establish the facts which make the case an exception.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

### BRUNET *vs.* DUVERGIS, SYNDIC, &c.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If a sale of property by an insolvent be fraudulent, his syndic cannot treat it as a nullity, but should bring an action to have the contract annulled.

Creditors, at the time of the sale only, can dispute its validity.

This suit was brought by a minor, assisted by her natural tutor, to recover two slaves. The defendant was the syndic of the plaintiff's natural tutor, who had become insolvent in his own capacity, and as a member of a commercial firm. The

EASTERN DIS.
*February,* 1833.

BRUNET
*vs.*
DUVERGIS,
SYNDIC, ETC

tutor, in making his surrender, had placed the slaves in question upon his schedule as part of his estate. By public act, annexed to the petition, it appeared that the slaves were purchased by the plaintiff, in her own name, assisted by her natural tutor.

The syndic alleged that the slaves were purchased with the funds of the firm, or of the natural tutor, when in insolvent circumstances.

The plaintiff had judgment, and the defendant appealed, with respect to one of the slaves.

*Potts,* for appellant, contended:

1. That this was a purchase of real estate with the partnership funds, and could not be alienated by one partner without the consent of the other, to his injury. *Richardson* vs. *Packwood,* 1 *N. S.* 290. *Simmons* vs. *Parker,* 4 *N. S.* 200.

2. That whilst the partnership is proceeding, and their affairs unliquidated, one partner cannot by donation *inter vivos* to the fraud of other creditors, give away the effects of the concern.

3. And therefore, Anathalie Brunet is a mere stake holder, a *cestui que trust* for the benefit of the partnership, and the creditors of it.

*Lockett,* for appellee.

1. The plaintiff contends, that the syndic had no right to take possession of the slaves in question, as they did. They should have instituted suit to set aside or avoid plaintiff's title first. See the case of *Henry* vs. *Hyde,* 5 *N. S.*

2. The insolvent, at the time the slaves were purchased, was solvent, and had from eight thousand to ten thousand dollars, over and above his debts. Defendants could not then have been injured by the act, even admitting it to be a donation. There is no evidence which shows that the defendants were creditors at the time the sales in question were passed; therefore, under the 1988th article of the *Louisiana Code,* the defendants cannot succeed in their demand.

EASTERN DIS.
*February,* 1833.
═══════
BRUNET
*vs.*
DUVERGIS,
SYNDIC, ETC.

3. There is no evidence which tends to show the least unfairness in the transaction, and not a shadow of fraud is pretended, as the case stands upon the evidence of the defendants themselves.

PORTER J. delivered the opinion of the court.*

The petitioner is a minor, and appears in court by her natural tutor. She sues to obtain possession of two slaves, which the defendant, as syndic of Brunet & Ashton, had taken into his possession.

The defence is, that the father, who appears in court as tutor to the child, surrendered the property sued for, as the property of Brunet & Ashton; that payment was made for it out of the funds of the firm, when they were in insolvent circumstances; and that the purchase was made to defraud the creditors of Brunet & Ashton.

If a sale of property by an insolvent be fraudulent, his syndic cannot treat it as a nullity, but should bring an action to have the contract annulled.

The bills of sale for the slaves, were executed in the name of the petitioner. If the transaction was fraudulent, the representative of the creditors cannot treat it as a nullity, and take the property into his possession. He should bring an action to have the contracts annulled. 5 *N. S.* 634.

Creditors, at the time of the sale only, can dispute its validity.

Again, no right of action is shown on behalf of the creditors, even if this was a case in which it could be properly inquired into. It is not proved that any of the creditors were such at the time the acquisition was made.

There was judgment in the court below in favor of the plaintiff. The defendant has appealed only in relation to one of the slaves; thus admitting the correctness of the decree as to the other; for the reason just given, we think it should be affirmed as to both.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

* MATHEWS, J. was absent when this opinion was delivered