ON REHEARING
MILLER, Judge.
The application for rehearing convinced a majority of our court that we were in error in holding that the trial court did not conduct a hearing on the issues raised by the exceptions. We find that the exceptions were presented prior to the trial on the merits and the trial court properly overruled them.
Plaintiff filed suit in November of 1969 and the case was set for trial for December 16, 1969. On December 12, 1969 defendant’s present counsel filed a “Motion for Continuance”, expressing an intention to file a comprehensive answer and recon-ventional demand. Tr. 26. This motion was granted. On January 12, 1970, plaintiff had the case reset for trial on the merits for February 19, 1970. On January 26, 1970, defendant filed exceptions, but did not seek to have the exceptions heard prior to the February 19th date previously set for trial.
The February 19, 1970 transcript of testimony opens with the following note of evidence:
“BY THE COURT:
We will first take up your exceptions, Mr. Simon.
[ARGUMENT]
*423 “BY THE COURT:
I am going to overrule your exceptions, and allow the case to go to trial on the merits today.”
Thereafter the court started dictating into the record the various contentions by the parties presumably leading to his assignment of reasons for overruling the exceptions. Counsel for exceptor (defendant) interrupted so that he could state his own position for the record. The court allowed counsel to state his position at length. He contended that Bramlet was a nonresident of the State and that the court had no jurisdiction over Bramlet; that the exceptions should have been set for hearing prior to the date for the trial.
The court then answered the arguments of exceptor’s counsel. The court noted that exceptor’s counsel knew that the case had been set for trial on the merits for some time before the exceptions were filed, and that exceptor had not moved to have the exceptions heard at an earlier date. The court ruled:
“that the exceptions are not well founded because this is a suit to cancel a lease covering land in Iberia Parish and therefore Iberia Parish is the proper parish for the venue of the trial, as well as jurisdiction over the defendant who is the tenant under this lease.”
The trial court did assign other reasons for his ruling which our original opinion correctly finds to be erroneous. But the issue of jurisdiction was properly decided by the trial court.
There is no suggestion in the record that exceptor argued in support of the exception of vagueness. That exception was also properly overruled.
At the conclusion of the hearing of the exceptions, counsel for exceptors stated:
“And, I would like to make a proffer of proof in connection with this and make the exception a part of the ruling, and the order of the court, and I now give notice to the Court of my intentions to apply for an immediate writs with the Court of Appeals for the Third Circuit of the State of Louisiana as to the ruling of the Court, and I respectfully move to stay the proceedings for a reasonable period of time in which I might make and file this application to the Court of Appeals.”
“BY THE COURT:
“No, Mr. Simon, this Court will not stay the proceedings. Of course, you may apply for your writs.”
Thereafter counsel for exceptor sought permission to
“ * * * remove myself from these proceedings because I am convinced that this Court is without jurisdiction, and to participate in the trial of this cause this morning, would constitute a general appearance on behalf of my client, and, I am duty bound to do all within my power to protect his rights and not to prejudice his rights. Therefore, I beg this additional motion that the Court grant me leave to remove myself so that I may proceed to prepare my application in order to get a stay from the Court of Appeals.”
Permission to leave was granted and the case was tried without Bramlet’s counsel.
Counsel for exceptor’s request to make a proffer of proof was not denied. He chose not to make the proffer, and we are left with the conclusion that exceptor did not have evidence to produce in support of his exception to the court’s jurisdiction.
Exceptor’s application for writs to the Court of Appeal, Third Circuit was denied.
Having found that there was a hearing on the exceptions, we now consider exceptor’s contention that the court was without jurisdiction over the person of the defendant and there is a lack of jurisdiction over the subject matter of the action.
This suit was filed to cancel a predial lease involving property located in Iberia *424 Parish. The record as it now stands contains everything necessary to determine that the district court did have jurisdiction.
In overruling the exception to the court’s jurisdiction, the trial court relied on LSA-CCP Article 8 which provides:
“A court which is otherwise competent under the laws of this state has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident not subject personally to the jurisdiction of the court.”
Plaintiff sought to enforce a right in and to property having a situs in this state, claimed by a nonresident not subject personally to the jurisdiction of the court.
A straightforward analysis of Article 8 reveals that the Legislature armed our courts with the power to resolve controversies over rights in, to, or against Louisiana property where those rights are owned or claimed by a nonresident. The redactors added the subordinated adjective clause “claimed or owned by a nonresident not subject personally to the jurisdiction of the court” not as a limitation on jurisdiction, but rather as a boundary between the effects of Article 8 and Article 6. The conjunction of these articles vests our courts with jurisdiction over all controversies over rights in, to, or against Louisiana property.
Defendant’s counsel misconstrues Article 8 by contending that “claimed or owned by a nonresident not subject personally to the jurisdiction of the court” modifies “property having a situs in this state” and not “a right”. Such a construction attributes grammatical carelessness and deplorable shortsightedness to the redactors of the Code of Civil Procedure. The Court will not interpret Article 8 in that light.
A rule of English grammar states that adjective clauses modify the noun immediately preceding. However, when such a construction would be illogical, the subordinate clause modifies the preceding noun with the most eminence in the sentence. In this case, the immediately preceding noun is “state”, a noun which the clause could not logically modify; therefore, the clause modifies the first and most grammatically important of the preceding nouns in the predicate. As the object of the infinitive “to enforce”, the noun “right” has more prominence in the senence than the word “property”, an object of a preposition and, in itself, a modifier of “right”.
Defendant’s counsel errs when he attempts to convert a modifier into a modifier of a modifier. Both “claimed or owned by a nonresident not subject personally to the jurisdiction of the court” and “in, to, or against property having a situs in this state” modify “right”. In this sense the prepositional phrase and the subordinate clause are co-ordinate.
We do not believe the redactors of Article 8 chose to compel these litigants to go before a foreign court to determine questions of Louisiana law involving a predial lease confected in Louisiana having Louisiana immovable property as its subject.
Even if Article 8 were ambiguous, we would interpret it in favor of jurisdiction. To narrowly limit jurisdiction invites the prospect of a judicial hiatus. Plaintiff might have a matter which no state’s court would hear.
To broadly apply jurisdictional power, within constitutional constraints, creates little mischief thanks to the principle of Full Faith and Credit. The Legislature’s most recent actions illustrate a policy in favor of extending jurisdiction of our courts to the full measure allowable. Thus, as the United States Supreme Court has broadened what were formerly regarded as the restrictions on nonresident jurisdiction, the Legislature has passed new Acts to extend Louisiana’s long arm.
Defendant appellant states that at the trial of the exceptions he intended to prove (1) that the court did not have jurisdiction over his person or (2) over his property; (3) that the matter in litigation did *425 not involve status and (4) that he had appointed an agent for service of process and that no service had been made on such agent.
The record disposes of each of these points. (1) Plaintiff alleged that defendant was a nonresident and defendant admitted that. There is no issue. (2) The suit seeks cancellation of a predial lease on specific property located in Iberia Parish. LSA-CCP Article 8 grants jurisdiction to the trial court. (3) Plaintiff admits that this suit does not involve status. (4) Defendant did not offer evidence at the hearing of the exception or by proffer of proof to establish that Bramlet appointed an agent for service of process prior to service of process on the attorney validly appointed under LSA-CCP Article 5091.
While defendant was a nonresident at the time suit was filed and at the time a curator was appointed to represent him, as admitted by defendant in his brief and his declinatory exception (Tr. 29), and while the court did not then have jurisdiction over the person of defendant, it did have jurisdiction to enforce plaintiff’s right to Iberia Parish property. LSA-CCP Article 8.
Moreover, not only did the court have jurisdiction by virtue of the property right which was the subject of the action, but defendant subjected himself to the court’s jurisdiction and waived all objections thereto when, acting through his present counsel, he sought and obtained a continuance of the trial fixed for December 16, 1969. Tr. 26. LSA-CCP Article 7 provides that except as otherwise provided therein, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than those five types of relief specified, which do not include a motion for continuance.
In our original opinion we concluded that defendant’s “Motion for Continuance” was a motion for an extension of time within which to plead, which did not constitute a general appearance under LSA-CCP Article 7. But the thrust of defendant’s “Motion for Continuance” contemplated a readiness to join issue on the merits and an intent to file a reconventional demand. The motion was aimed solely at postponing the trial, not at denying jurisdiction. The courts have been reluctant to extend the exceptions provided in LSA-CCP Article 7. Defendant’s motion for time to formulate a more comprehensive answer and to file a reconventional demand waived his objections to jurisdiction and subjected Bramlet to the court’s jurisdiction.
The record is replete with testimony supporting plaintiff’s contention that defendant breached the conditions of his predial lease. We affirm the judgment of the trial court dissolving the leases, ordering defendant to vacate the premises and reserving to plaintiff the right to assert a claim against defendant for all rentals and damages due it under the leases. Costs are assessed to defendant-appellant.
Affirmed.
HOOD and FRUGÉ, JJ., dissent for the reasons assigned in our original opinion.