307 So.2d 407 (1975)
Frank PERIGONI, Individually and for the use and benefit of his minor son, Jeffrey Perigoni
v.
John McNIECE et al.
No. 6577.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1975.
*409 Frank J. D'Amico and George H. Jones, New Orleans, for plaintiffs-appellants.
Ewell C. Potts, Jr., Arabi, Curator ad Hoc, for defendant, James Foster.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiffs, Frank Perigoni and his son, Jeffrey Perigoni, filed a petition in the Twenty-fifth Judicial District Court for the Parish of St. Bernard to make executory a money judgment in the total amount of $10,965.98, plus interest and costs rendered in their favor against John McNiece in the Civil District Court for the Parish of Orleans on February 4, 1971.[1] The judgment was made executory as prayed.
Subsequently, plaintiffs filed another petition to invalidate and cancel from the parish records three mortgages, each in the amount of $15,000, on separate parcels of immovable property belonging to McNiece and consisting of six described lots of ground in St. Bernard Parish. The petition alleges these mortgages were made fraudulently to plaintiffs' prejudice in order to give the mortgagee, James Foster, an illegal preference over them as judgment creditors and the St. Bernard court has jurisdiction over the property since it is located within that parish. Further alleging McNiece is an absentee or a nonresident and Foster is a nonresident (who resides in Florida), the petition prays for the appointment of attorneys to represent those defendants.
After the court had made those appointments, the attorney appointed to represent Foster filed exceptions of: (1) lack of jurisdiction over the person, giving as a ground therefor Foster's nonresidence and a lack of showing in the petition of any property belonging to him situated within the jurisdiction of the court; (2) lack of jurisdiction over the subject matter, which he contends are the notes secured by the mortgages; and (3) prematurity based on plaintiffs' failure to seize and sell, or attempt to sell, the immovable property prior to filing this suit to invalidate and cancel the mortgages.[2]
After a hearing on the exceptions, the trial court maintained the exceptions of jurisdiction over the person and over the subject matter, on the ground that Foster is a nonresident of Louisiana, and the exception of prematurity, on the ground that plaintiffs had not effected their seizure on the immovable property in suit, and dismissed plaintiffs' demands against Foster. Plaintiffs have appealed from that judgment.
Considering the exceptions in their reverse order, a reading of the entire record indicates the trial court was of the opinion plaintiffs' proper remedy was to have the property of the judgment debtor seized under a writ of fieri facias and sold at judicial sale, after which proceedings could be instituted to rank plaintiffs' judicial mortgage against Foster's conventional mortgages. The court did not feel an action would lie to invalidate Foster's mortgages prior to an attempt to sell the property at judicial sale.
The law is clear that a judgment creditor need not subject himself to a possible damage suit by seizing property in advance of determining the validity of other mortgages recorded against the property. The Civil Code provides for the avoidance of contracts by persons who are not *410 parties to them, more commonly known as the revocatory action.[3] The essence of the revocatory action is set forth in Article 1970 of the Civil Code, which provides:
"The law gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors where there is any such cession, or other proceedings by which they are collectively represented, an action to annul any contract made in fraud of their rights." LSA-C.C. Art. 1970.
The elements of a revocatory action are: (1) insolvency of the debtor; (2) injury to the creditor; (3) intent to defraud the creditor; and (4) a pre-existing and accrued indebtedness.[4] Among the types of contracts which can be the subject of a revocatory action is a mortgage on the debtor's property.[5]
The Civil Code contains no requirement for a seizure of the property prior to the filing of such a revocatory action.[6] However, insofar as that action is concerned, the record now before us is deficient in certain other respects. For example, a revocatory action may not be used to set aside a debt created before the plaintiffs' debt accrues.[7] The mortgages attacked by plaintiffs are dated September 26, 1970 and were filed for record in St. Bernard Parish on October 1, 1970. The judgment which plaintiffs seek to enforce as a judicial mortgage[8] is dated February 4, 1971. Although the judgment is dated later in time than the conventional mortgage, the face of the judgment shows it is the result of an action ex delicto, a debt which "accrues" at the time the injury is sustained.[9] The theory behind this rationale is that a judgment is not the "debt" as used in the articles pertaining to revocatory actions, but merely represents the recognition of the pre-existence of a delictual obligation.[10]
The record is devoid of any showing when the debt in favor of the plaintiffs arose; nevertheless, a plaintiff has the right to amend an insufficiently drafted petition, if possible, and we will remand to afford the present plaintiffs that right.
We are also of the opinion the exception of lack of jurisdiction over the subject matter is not well founded. The basis for the court's jurisdiction is Article 8 of the Code of Civil Procedure, which provides:
"A court which is otherwise competent under the laws of this state has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident not subject personally to the jurisdiction of the court." LSA-C.C.P. Art. 8.
There is no dispute that the property has a situs in St. Bernard Parish, that the mortgagee is a nonresident, and that the mortgagee is not subject personally to the jurisdiction of the court by service of process under any form provided by Article 6 of the Code of Civil Procedure. The basic difficulty in this case arises from defendant's misconstruction of the above quoted Article 8. The phrase "claimed or *411 owned by a nonresident not subject personally to the jurisdiction of the court" modifies the words "a right," and does not modify, as counsel for defendant Foster contends, the words "property having a situs in this state." Here, there is in rem jurisdiction in the trial court, which is otherwise competent, because plaintiff seeks to enforce a right, also claimed by a nonresident, not personally subject to the court's jurisdiction, against the St. Bernard property.
The foregoing analysis of the in rem jurisdiction conferred by Article 8 was made in Gulf South Research Institute v. Bramlet,[11] where the court held an action to cancel a predial lease claimed by a nonresident not subject personally to the jurisdiction of the court fell within the purview of Article 8. In this connection, we see no material difference between the cancellation of a predial lease and the cancellation of a mortgage.
In the Bramlet case, the court pointed out that a broad interpretation of in rem jurisdiction over property is a practical necessity. If the courts narrowly limit jurisdiction, there may be a judicial hiatus as a result of which Louisiana plaintiffs might have matters pertaining to Louisiana immovable property which no Louisiana state court could hear, thus conceivably forcing them to go before other than Louisiana state courts to determine legal questions involving Louisiana immovable property. This would result in a chaotic situation, effectively destroying the security of Louisiana land titles.
We agree with the trial court's maintenance of the exception of lack of jurisdiction over the person of the mortgagee, Foster. Clearly, there is no jurisdiction over the person. In this case either the trial court has jurisdiction in rem under C.C.P. Art. 8 or it has no jurisdiction at all. Plaintiffs have provided the proper procedural safeguards for the defendants, an absentee or nonresident in one instant and a nonresident in the other, by having attorneys appointed to represent them.[12]
As has been pointed out,[13] a judicial mortgage does not take effect until judgment is recorded against the property. In the present case the record is devoid of any evidence showing such a recordation. However, counsel for plaintiffs have informed us during oral argument that, although not shown by the record, in fact plaintiffs' judgment has been recorded in the proper records of St. Bernard Parish. Accordingly, we will afford plaintiffs the right to amend their petition to show this or any other fact or facts which give them the right to proceed against the particular property in suit.
For the reasons assigned, the judgment appealed from is affirmed in part and annulled and set aside in part. That part of the judgment which maintains the exception of lack of jurisdiction over the person is affirmed; those parts of the judgment which maintain the exceptions of jurisdiction over the subject matter and prematurity and which dismiss plaintiffs' suit are annulled and set aside; and this matter is remanded to the trial court for further proceedings in accordance with law and with the views herein expressed. It is further ordered that plaintiffs be permitted to amend their petition within a reasonable time to be set by the trial court. All costs are to await a final determination.
Affirmed in part; annulled and set aside in part; remanded.
NOTES
[1] At the time the suit was filed in the Orleans Parish court, Jeffrey Perigoni was a minor.
[2] Through his appointed attorney, McNiece filed a general denial only.
[3] See LSA-C.C. Art. 1968 et seq.
[4] National Bank of Bossier City v. Hardcastle, La.App., 204 So.2d 142.
[5] LSA-C.C. Art. 1968.
[6] LSA-C.C. Art. 1968 et seq.
[7] See Holland v. Gross, La.App., 195 So. 828; Brunet v. Duvergis, 5 La. 124; Brown's Syndics v. Ferguson, 4 La. 257; Morgan v. Davis, 4 La. 141; Mercer v. Andrews, 2 La 538; Henry v. Hyde, 5 Mart. (N.S.) 633. Contra; Mossop v. His Creditors, 41 La.Ann. 296, 6 So. 134; Davis v. Stern, 15 La.Ann. 177.
[8] A judicial mortgage does not take effect until the judgment is recorded against the property. LSA-C.C. Art. 3322.
[9] Holland v. Gross, supra, footnote, 7; see Ventrilla v. Tortorice, 160 La. 516, 107 So. 390, for authority that an unliquidated ex delicto claim may be used to set aside a transfer in fraud of creditors by the revocatory action.
[10] Holland v. Gross, supra, footnote 7.
[11] La.App., 240 So.2d 421.
[12] LSA-C.C.P. Art. 5091.
[13] Supra, footnote 8.