BEER, Judge.
Frank Perigoni and his now major son, Jeffrey, are judgment creditors of John B. McNiece. In that capacity, they seek to set aside three conventional mortgages which secure three notes executed in 1970 by McNiece in favor of John Foster, alleging that these encumbrances are without consideration and with actual intent to hinder, delay and defraud by the giving of an illegal preference. Additionally, they aver that the mortgages, executed before a Florida notary, witnessed by that notary and his wife, and not signed by mortgagee Foster, fail to meet Louisiana requirements for an authentic act or act under private signature. A curator ad hoc, appointed for absentee non-resident Foster, excepted to the original petition and was sustained. That judgment was appealed to us and the case was, thereafter, remanded. See: Perigoni *976 v. McNiece, 307 So.2d 407 (La.App. 4th Cir. 1975). At the subsequent trial on the merits, the curator ad hoc for Foster again excepted, contending that the failure to allege McNiece’s insolvency constituted a missing necessary element in the revocatory action. That exception was overruled, and, after trial, judgment for plaintiff was rendered.
From this judgment, Foster’s curator alone appeals, alleging trial court error in denying his exception of no cause of action, error in allowing McNiece’s deposition into evidence, and contending that, if not valid as authentic acts, the mortgages were valid as acts under private signature although not signed by mortgagee Foster.
Revocatory actions require allegations of insolvency of the debtor and knowledge of such by the transferee. Chapman v. Irwin, 157 La. 920, 103 So. 263 (1925). Accord, E. J. Hart & Co. v. Bowie, 34 La. Ann. 323 (1882); Abat & Generes v. Penny, 19 La.Ann. 289 (1867). In contrast, the action en declaration de simulation presupposes lack of consideration. Fraud and injury must be proved, but it is not essential that insolvency be plead or proved. .See: Chapman v. Irwin, supra.
As to the pleadings, it has been noted that:
“Frequently when a creditor of the supposed transferor wishes to attack a transfer his debtor has made to the supposed transferee, he has no way of knowing whether the transfer was real, though fraudulent, or a simulation. Hence in his pleading the creditor must allege both hypotheses in the alternative. Of course the alternatives are inconsistent, since a fraudulent conveyance passes the ownership though the creditor may avoid the transaction, while in the simulated transfer the ownership is still in the supposed transferor. It is clear, however, that the creditor need not choose one theory alone in his pleadings but may assert them both in the alternative, and recover if either is proven.” Thomas B. Lemann, “Some Aspects of Simulation in France and Louisiana,” 29 Tul.L.Rev. 22 (1954) (footnote omitted).
Thus, in Hibernia Bank & Trust Co. v. Louisiana Ave. Realty Co., 143 La. 962, 79 So. 554 (1918), a plaintiff who pleaded alternatively that there was a real transaction which should be revoked, and/or that there was a mere simulation, prevailed on the simulation theory despite failure to prove the debtor’s insolvency.
Here, the pleadings clearly aver a simulation though the case has been categorized by Foster’s curator as a revocatory action.
McNiece’s testimony was obviously (and, we think, correctly) disbelieved by the trial judge. McNiece’s obstructive attitude, and consistent refusal to answer any questions concerning the execution of the mortgages left grave doubt as to his veracity. He was evasive in answering questions about how he had disposed of the $45,000 cash. Some unspecified amount was claimed to have been deposited in a New Jersey bank, some in a safe deposit box in a bank the name of which McNiece claims to have forgotten. The remainder, McNiece said, was used to bribe New Jersey officials to get his daughter out of jail, and for a tour of Europe.
Thus, the instant case (though described as a revocatory action) is identical with those simulation cases where the lack of consideration is successfully established. Accordingly, the simulation case rule which does not require a showing of knowledge of insolvency was properly applied by the trial court.
We need not reach the other issues raised.
This action might have been more clearly described as an action en declaration de simulation than revocatory. In any event, the facts as correctly found by the trial court support its judgment, and it is affirmed, at appellant’s cost.

AFFIRMED.