375 So.2d 761 (1979)
Antoinette Distegano, wife of/and John F. REDDING, Jr.
v.
Alexis Babin, wife of/and Murtagh RUPP, Jr., et al.
No. 10284.
Court of Appeal of Louisiana, Fourth Circuit.
September 11, 1979.
Rehearing Denied October 18, 1979.
*762 Gordon K. Konrad, Metairie, for Antoinette Distegano, w/o and John F. Redding, Jr., plaintiffs-appellants.
Kenneth J. Hurst, Marrero, for Alexis Babin, w/o and Murtagh Rupp, Jr., et al., defendants-appellees.
Before REDMANN, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is a case involving the transfer of property by debtors after suit has been filed by their creditors.
Suit was filed by John Redding and his wife seeking damages for the wrongful death of their minor son. After suit had been filed, Murtagh Rupp, the defendant in that suit, and his wife, transferred their home to Gerald J. Maronge and his wife, the mother and stepfather of Mrs. Rupp. The consideration for the sale was the balance of the mortgage payments totalling $15,700. The Reddings then brought this suit naming the Rupps and Maronges as defendants seeking to annul the sale on the ground that it was a simulation or, in the alternative, have it revoked. After trial on the merits, judgment was rendered in favor of defendants dismissing the suit. From this judgment, the Reddings take this appeal.
Appellants first contend that the sale was a simulation. The evidence shows that the consideration for the sale was the assumption by the Maronges of a mortgage constituting 62% of the market value of the home. Since there is no evidence to show that the Maronges have not actually assumed the mortgage, i. e. paid the notes, it is clear that this sale is not a simulation under the Louisiana Law. A transaction cannot be set aside as a simulation if any consideration supports the transaction since the reality of the conveyance is thus established. See Russell v. Culpepper, 344 So.2d 1372 (La.1977) and Civil Code Article 2480.
Appellant's alternative contention is that the transfer is subject to the revocatory action set out in Civil Code Article 1970.[1] The prerequisites for the revocatory action are these: (1) Insolvency of the debtor; (2) injury to the creditor; (3) intent to defraud the creditor; and (4) preexisting and accrued indebtedness. National Bank of Bossier City v. Hardcastle, 204 So.2d 142 (La. App.2d Cir. 1967); Perigoni v. McNiece, 307 So.2d 407 (La.App.4th Cir. 1975).
A review of the record reveals that the first two elements, insolvency of the debtor and injury to the creditor are established by the testimony. Likewise, the fourth element, preexisting and accrued indebtedness is present since the debt of a tort feasor to a victim accrues at the time the injury is sustained rather than when judgment is obtained. LeBlanc v. American Employers Insurance Company, 364 So.2d 263 (La.App.3rd Cir. 1978); Perigoni, supra. As to the third element, however, the trial judge found that intent to defraud the creditors was not present in this case. We find this conclusion to be manifestly erroneous and we reverse.
The evidence shows that the transfer occurred approximately one year after institution of the suit but before the judgment was rendered. The Rupps continued to live in the home alone for 16 months following the transfer and paid nothing in the form of rent except utility bills. At that point, the Maronges moved into the house, which had undergone certain improvements, and the parties occupied the premises together *763 under the same financial arrangement. It is difficult for us to imagine a set of circumstances more conducive to the conclusion that intent to defraud the creditors exists, short of an admission of fraud by one of the parties.
The Rupps attempt to explain these actions by asserting that they had severe financial difficulties and made the transfer not to defraud their creditors, but to find a solution to their financial problems. This explanation is unsatisfactory. It is illogical for a person experiencing severe financial difficulties to sell his home for only 62% of its appraised value unless the problems are more immediate in nature than appears to be the case here. The Rupps were current as to all mortgage payments at the time of the transfer. There is no evidence to support the assertion by Mr. Rupp that they did not have sufficient time to sell the house for full value, nor is there any convincing evidence as to why Mrs. Rupp did not undertake gainful employment to alleviate the alleged pressing difficulties.
Appellees rely on National Bank of Bossier City v. Hardcastle, supra. In that case, the defendant transferred all of his real estate to his sons prior to his death. The creditors alleged that the transfer was made with fraudulent intent. The Second Circuit Court of Appeal held that even though the defendant had experienced financial difficulties at the time of the conveyance, there was no intent to defraud the creditors on the part of either the transferor or the transferees.
We distinguish this case on two grounds. First, the financial difficulties of Mr. Hardcastle were more immediate in nature in that he was overdrawn approximately $800 at the plaintiff bank and was unable to meet monthly payments on several outstanding promissory notes. Second, it is clear that Hardcastle's sons had no knowledge of their father's business affairs and did not know that he was insolvent at the time of transfer. They only knew that he was hardpressed temporarily for "ready cash" and wanted to satisfy this immediate need. The Maronges, on the other hand, testified at trial that they had been aware of the pending suit against the Rupps at the time of the transfer.
For the above reasons, therefore, the judgment below is reversed and judgment is hereby rendered in favor of plaintiffs and against defendants, decreeing the sale of property from Murtagh and Alexis Rupp to Gerald and Ida Maronge to be null and void as against plaintiffs, John and Antoinette Redding, and declaring that said property is subject to execution under the judgment rendered by the 24th Judicial District Court, Parish of Jefferson, Case # 163-586, Mr. and Mrs. John Redding, Jr. vs Murtagh Rupp, Jr., et al. Costs of this appeal to be borne by the appellees.
REVERSED AND RENDERED.
NOTES
[1] "The law gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors where there is any such cession, or other proceedings by which they are collectively represented, an action to annul any contract made in fraud of their rights."