STOKER, Judge.
The object of this action is to put plaintiff in a position to collect on two judgments rendered against defendant, Charley W. Smith. The judgments were rendered by this court on April 13, 1977, as follows: (1) judgment for $15,715.70 in favor of plaintiff, John Ray Ogden, and against defendant, Charley W. Smith,[1] and (2) judgment for $3,872.10 in favor of Patsy Ray Brown (Ogden) and against defendant, Charley W. Smith.[2]
The specific nature of the action is a petition to annul and set aside a transfer dated April 20, 1977, and recorded the following day, by which Charley W. Smith and his wife purported to transfer certain property to their children, Wanda Smith Ogden (a former wife of John Ray Ogden), Charles Stanley Smith and Charlene Smith. The three last named persons, Charley W. Smith and his wife, Pauline B. Smith, are named as defendants. Plaintiff alleges that he is the administrator of the estate of Patsy Brown Ogden, his late wife. The two judgments grew out of a tort action in which defendant, Charley W. Smith, inflicted personal injuries or both John Ray Ogden and Patsy Brown. In this action plaintiff alleges that the transfer of property mentioned above was made for the purpose of defeating his and his wife’s rights as creditors.
Defendants jointly filed exceptions of no right and no cause of action. As the exceptions are particularized, an exception of no cause of action only is set forth, and no exception of no right of action is articulated. The trial court sustained the exceptions and dismissed plaintiff’s suit. We reverse and remand the suit for trial.
In written reasons the trial court sustained the exceptions on the ground that the judgments of the Court of Appeal had not become final as of the date of the transfer.[3] The trial court reasoned that, under LSA-C.C.P. art. 2167, a judgment from an appellate court does not become final until the delay for applying for a rehearing has expired if no application is in fact filed. On this basis the trial court held “that there was not a creditor-debtor relationship in existence at the time of the sale.” The trial court held that the Court of Appeal judgment became final on April 28, 1977, the last day to apply for a rehearing.
In holding as it did the trial court was in error. In LeBlanc v. American Emp. Ins. Co., 364 So.2d 263 (La.App.3rd Cir. 1978) writs ref. 366 So.2d 911, 916, 917 (La.1979) this court reiterated the rule in such cases as follows:
*DLXXXVIII The debt owed by a tortfeasor to the victim of the tort accrues at the time that the injury is sustained, and not on the date that suit is filed or judgment obtained. Holland v. Gross, 195 So. 828 (La.App.2nd Cir. 1940); Perigoni v. NcNiece, 307 So.2d 407 (La.App.4th Cir. 1975). The filing of suit merely seeks recognition of a pre-existing delictual obligation. Therefore, we agree that on May 9, 1974, the date on which the appellees sought to transfer immovable property to their daughter, appellant was already a creditor of Pierre and Aline Hebert, with standing to attack such a transfer if proven to be made in fraud of his rights.
See also Perigoni v. McNiece, 355 So.2d 975 (La.App.4th Cir. 1977).
The elements of a revocatory action are set forth in the first Perigoni case, cited above at 307 So.2d 407. The petition in the case before us alleges all these necessary elements. Holland v. Gross, supra, came up on appeal under circumstances similar to those present here, except that the plaintiff there combined his tort suit with a revoca-tory action. The judgment of the trial court overruling an exception of no cause or right of action was affirmed.
For the foregoing reasons, the action of the trial court in this matter sustaining defendants’ exceptions is overruled. The case is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to defendants-appellees.

REVERSED AND REMANDED.

. Ogden v. Smith, 344 So.2d 1099 (La.App.3rd Cir. 1977).

. Brown v. Smith, 344 So.2d 1109 (La.App.3rd Cir. 1977). At the time of the incident giving rise to the claims of John Ray Ogden and Patsy Brown they were not married. Later they were married, and as alleged in the petition in the case now on appeal, Patsy Brown Ogden is now deceased.

.In the two tort suits in question, the trial court rendered judgment for defendants. The Court of Appeal reversed and rendered judgment for plaintiffs.