BROWN'S SYNDICS *vs.* FERGUSON.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A curator *ad hoc* may be appointed to represent a defendant who is absent from the state at the institution of the suit; and such appointment supplies the place of citation.

It is not necessary to obtain the judge's order, previous to the commencement of a suit against a married woman, for a cause of action relative to her separate interest.

In an action by the creditors of the vendor, to annul a sale, on the ground of fraud, the vendee is a competent witness, although he may have transferred the property.

Creditors who were not such at the time of the alienation, cannot claim the rescission of the sale on the ground of simulation alone, without consequent fraud.

It is a general rule, that acts by which a debtor alienates his property, can only be considered as fraudulent against creditors, who are such at the time of the alienation. Yet subsequent creditors may be considered as being injured by such alienations, and have a right to cause them to be annulled, if they were made with the intention to provide the means of defrauding such creditors.

Donations from the husband to the wife, when opposed to the interest of creditors, may be viewed in all instances as well calculated to conceal fraud, and if there be evidence that they were made to defraud creditors, either those who were such at the time of the donation, or subsequently became so, have a right to cause them to be rescinded.

The facts are fully set forth in the opinion of the court, delivered by MATHEWS, J.

This suit is brought to obtain a judgement to avoid and annul a sale made by the insolvent to C. J. Gow, and a
33

EASTERN DIS.
July, 1832.
───────────
BROWN'S SYN-
DICS
vs.
FERGUSON.

donation from the latter to the defendant. Gow was made a party to the action and answered by disclaiming any right or interest in the property claimed by the syndic as belonging to the estate of the insolvent debtor. The cause was prosecuted in the court below, against the defendant Ferguson alone; was submitted to a jury, who found a verdict for the plaintiffs, and judgement thereon being rendered, the defendant appealed.

The evidence of the case shows that Brown failed for the second time, in the year 1830, having previously failed in 1822. On his first failure, he compounded or compromised with his creditors, who resided in Scotland. The composition was made through the agency of their attorneys in fact, Messrs. Lockhart, Hill & Brock, residing in New-Orleans, who agreed to take from the insolvent about thirteen thousand dollars. This sum was never fully paid; a balance of two thousand seven hundred and forty-six dollars, with interest, still remains due, as appears by the testimony of Sainet. In the month of February, 1823, Brown made a simulated sale of a house and lot situated in the faubourg St. Mary, and several slaves, the property now in dispute, to C. J. Gow, who in June, 1824, made a donation of the property thus acquired, to the defendant. These acts were both passed before a notary public.

Several exceptions were pleaded in *limine lites,* by the counsel for the appellant, which were overruled by the court below. The first relates to the authority of that court, to appoint a *curator ad hoc* to represent the defendant who is absent from the state. The second, to the citation. The third is an objection to the regularity of the proceedings, on the ground that the plaintiffs had not obtained an order of the court authorizing the wife to defend herself without the assistance of her husband, who could not appear in court, &c. The fourth is a plea of prescription.

A curator *ad hoc* may be appointed to represent a defendant who is ab-  As to the first of these exceptions, we are of opinion that it was properly overruled. The defendant was absent from the state at the time the suit was instituted, and claimed

property in it, the very property which is the subject of the present contest. The article 57 of the Louisiana Code authorizes the appointment of a curator in cases like this. Being absent, she could not be cited in the ordinary mode prescribed by law, and the appointment of a curator to defend her interests, may be supposed to supply the place of citation; the court below did not, therefore, err in setting aside the second exception. The correctness of the decision in relation to the third, depends mainly on a just interpretation of the 118th article of the Code of Practice. It provides that "when one intends to sue a married woman for a cause of action relative to her own separate interest, the suit must be brought both against her and her husband. Should her husband be absent, the plaintiff must demand that she be authorized by the judge before whom the suit is brought, to defend it alone," &c. There is nothing in the phraseology of this article which indicates that the judge's order must be obtained previous to the commencement of a suit against a married woman for a cause of action relative to her separate interest. If her husband be present, he must be made a defendant with her. If he be absent, we are unable to discover any irregularity in a practice which would authorize a plaintiff to obtain an order allowing the wife to defend herself alone, provided that such order be obtained previous to a defence made on the merits of the case, and that sufficient time be allowed to the defendant to prepare for her defence after the order is made. It is, therefore, believed, that the judge *a quo* did not err in granting the order, on motion of the plaintiff's counsel, by which the defendant was authorized to make defence without the assistance of her husband, notwithstanding this order was made after overruling the exception.

In relation to the plea of prescription, the counsel for defendant rely principally on the article 3507, of the Louisiana Code, contending that this part of the defence is under the government of the code of 1825. In this we believe they are right. But the article relied on is thought not to be applicable to a case like the present. It applies to actions of

EASTERN DIS. *July,* 1832.

BROWN'S SYNDICS *vs.* FERGUSON.

sent from the state at the institution of the suit, and such appointment supplies the place of citation.

It is not necessary to obtain the judge's order previous to the commencement of a suit against a married woman, for a cause of action relative to her separate interest.

Eastern Dis.
July, 1832.

BROWN'S SYN-
DICS.
vs.
FERGUSON.

nullity or rescission of contracts to be brought by one of the parties to such contracts, not to actions which the law accords to third persons, to have contracts annulled, as having been made in fraud of their rights.

The action given for this purpose, is limited to one year, if brought by a creditor individually, to be counted from the time he has obtained judgement against the debtor; if brought by syndics or other representatives of the creditors, collectively, to be counted from the day of their appointment. *L. C. art.* 1989.

In the present instance, the suit was commenced before the expiration of the year after the appointment of the syndic, consequently the action is not barred.

We must, therefore, enter into a consideration of the merits of the case, which, like most others relating to insolvents, is by no means free from doubt and difficulties. In the commencement of this opinion, we assumed as proven, the principal facts of the cause. The most important of these facts, the simulation of the sale from Brown to Gow, is established by the testimony of the latter, who was objected to as being an incompetent witness on the ground of turpitude, and not being admissible to destroy the validity of the title, which he acquired to the property, after having transferred it to another. The last of these objections to the witness would be entitled to some weight, if the transfer had been made for a valuable consideration; but being a donation, purely gratuitous, and for the purpose of effecting a transfer from the husband to the wife, her testimony, in this respect, seems not to affect the interest of any party to their contract, whose claim should be particularly protected. The incompetency alleged against him on account of his participation in the simulation by which he acquired the property under a title apparently legal, it is believed, cannot prevail under the rules of evidence laid down by our laws. *L. C. art.* 2260-1. In his answer, he denied all interest in the decision of this suit; and if he has any, he is called to testify against it. We are of opinion that he was competent to testify in the cause,

*In an action by the creditors of the vendor to annul a sale on the ground of fraud, the vendee is a competent witness, although he may have transferred the property.*

Eastern Dis.
July, 1832.

BROWN'S SYNDICS
vs.
FERGUSON.

and with the jury, we believe his testimony, which shows that the sale by which he acquired title from the insolvent, was simulated, and intended to defraud the creditors of the latter. The greater part of the creditors now represented by the syndic, were, however, not such at the time the pretended sale was made. The only question which remains to be settled, is, whether those who were not creditors at that time, can legally claim the revocation and rescission of that sale, as fraudulent in relation to their rights. On the ground of simulation alone, without consequent fraud on the rights of creditors, it is believed that they would have no just claim to have the contract annulled, as between the apparent vendor and vendee. It may be laid down as a general rule, that acts by which a debtor alienates his property can only be considered as fraudulent against creditors who are such at the time of the alienation. Yet future creditors may be considered as being injured by such alienations, and have a right to cause them to be annulled, if they were made with the intention to provide the means of defrauding such creditors. See *Curia Philippica, p.* 428, *no.* 12, and the case of *Mercer* vs. *Andrews,* 2 *Lou. Rep. p.* 538. That case was decided in relation to a donation *propter nuptias,* which carried in it internal evidence of an intention to defraud (in the event of circumstances requiring it) both past and future creditors.

The transfer of the property to Mrs. Brown was evidently a disguised donation from her husband to her, and, as such, was revocable at the will of either party to the contract. *O. C. p.* 258, *art.* 224. Such donations, when opposed to the interest of creditors, may be viewed, in all instances, as well calculated to conceal fraud; and if there be evidence that they were made to defraud creditors, either those persons who were such at the time of the donation, or those who may subsequently trust the donor, they would be liable to be rescinded. In the present instance, we have the testimony of Gow, that the sale of the property to him from Brown, was intended to defraud the creditors of the latter; whether present or future, the witness does not distinguish. The jury

Creditors who were not such at the time of the alienation, cannot claim the rescission of the sale on the ground of simulation alone, without consequent fraud. It is a general rule, that acts by which a debtor alienates his property, can only be considered as fraudulent against creditors who are such at the time of the alienation; yet subsequent creditors may be considered as being injured by such alienations, and have a right to cause them to be annulled if they were made with the intention to provide the means of defrauding such creditors. Donations from the husband to the wife, when opposed to the interest of creditors, may be viewed, in all instances, as well calculated to conceal fraud, and if there be evidence that they

found a verdict, in general terms, in favor of the plaintiffs. The intention of the insolvent in the simulated and fraudulent transfer of his property, was a fact, properly cognizable by the jury; and, from the terms of the verdict, they seem to have considered the fraudulent intention of the donor to have extended to future creditors as well as those who were such at the time of the donation. In this, we cannot say the jury erred; especially, if to Gow's testimony be added the conduct of the insolvent in relation to his former creditors, who seem to have acted liberally towards him. At the very time when they acceded to his own terms, and consented to discharge him on payment of ten per centum of his debts, he made the fraudulent transfer of the property now sought to be annulled.

The attempt to justify the honesty of the donation to Mrs. Brown, as having been made in consideration of her property which had been received by her husband, cannot, in our opinion, avail the defendant in the present case. If she has any just claims on his estate, they should be settled in the *concurso* of creditors; and her rights in this respect, if any she has, should be reserved to her.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs, reserving to the defendant and appellant the right to pursue, in *concurso*, any claims which she may have against the estate of the insolvent.

*Maybin*, for appellant. *Slidell* and *Lockett*, for appellee.