### No. 2720.—TUTORSHIP OF JANE STOKES.

The s'gning of an appeal bond by the husband in a suit where the wife is plaintiff, and his join-ing her in an assignment of errors filed in the Supreme Court, is not a sufficient compliance with article 123 of the Civil Code. The authorization of the wife must be given either by the husband or the judge before the trial of the cause in the court *a qua*.

An appeal taken from a judgment where the wife is plaintiff will be dismissed on motion, if it appears that she was not legally authorized to prosecute the suit in the court below.

APPEAL from the Fifth District Court, parish of East Feliciana. *Posey, J. Cross & Hardee* and *Race, Foster & E. T. Merrick*, for plaintiffs and appellants. *McVea & Hunter*, for defendant and appellee.

WYLY, J. Jane Stokes, wife of Wm. M. Lindsay, instituted this suit against Sothey Hayes, the surety on the bond of her tutor, to recover $968 14 and interest, the amount of the liability of the latter to her.

Her demand was dismissed by the court of the first instance, and she has appealed.

A motion is made to dismiss this appeal, for the reason that there is no evidence in the record of the authorization of the plaintiff by her husband to institute the suit, or to stand in judgment.

The plaintiff contends that, as the appeal bond is signed by her husband, and as he has joined her in an assignment of errors filed in this court, article 123 of the Civil Code, prohibiting the wife from appearing in court without the authority of her husband, has been .sufficiently complied with.

We can not assent to. this proposition. The husband must appear with his wife, or she must exhibit her authorization before proceeding to trial on the merits. The signing of the appeal bond, and the filing of an assignment of errors in this court, will not cure the defect exist-ing at the trial in the court below—the want of capacity of the wife to stand in judgment. 2 R. 12; 4 La. 259; 10 An. 504; 2 An. 140; C. P. 320, 321; Succession of E. H. Pomroy, 21 An. 576.

.She had no .authority .to institute the suit, to stand in judgment, or to .apply for the order of. appeal.

It is therefore ordered that this appeal be. dismissed, at appellant's costs.