Bory vs. Knox.

## No. 9377.

## MRS. ADELE BORY VS. N. KING KNOX.

38 379
e112 139

An action to annul a judgment must be brought within a year of its rendition where the suit is based upon alleged frauds or ill-practices or within a year of the discovery of the same.

Where a party is duly notified of such alleged frauds and ill practices orally or by writing as by means of a petition.duly served on him, and refuses to believe the oral communi‐ cation or to read the written notice, he will be bound, he will be held to be duly notified as if he had in fact taken thorough personal cognizance of the information imparted.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburne, J.*

*K. A. Cross* for Plaintiff and Appellant:

1. A married woman cannot be authorized by the judge to stand in judgment, unless cita‐ tion is served on the husband, or an attempt to cite him made. 24 Ann. 141; 9 Ann. 12; Duranton, Vol. 2, No. 446.
2. She can be authorized by the judge of her domicile alone. 12 L. 71; 31 Ann. 174.
3. Obligations, created by a married woman during the community, presumed to be for benefit of her husband or the community. 7 Ann. 568; 14 Ann. 712.
4. If she is a public merchant, it must be shown that they arise out of her business as such; 6 Ann. 56; especially when she is not separate in property.
5. She cannot waive protest without her husband's authorization. 10 L. 161.
6. Decree of judge authorizing her to mortgage her property, cannot give validity to past transactions. 24 Ann. 89; 29 Ann. 123.
7. A judgment absolutely null, for want of parties competent to stand in judgment, is not protected by prescription. 25 Ann. 98; 5 Ann. 218; 21 Ann. 663; 23 Ann. 336.

*White & Saunders* and *F. C. Zacharie* on the same side.

*David N. Barrow* and *Knox & Laycock* for Defendant and Appellee:

1. Where the evidence shows a defendant had full knowledge of all the facts of her trans‐ actions, on which a judgment is based, before rendition of the said judgment, and more than a year has elapsed, she cannot attack the judgment for fraud.
2. Where the evidence shows the defendant was in possession of all accounts, notes, etc., on which settlements had been made, on which a judgment had been obtained, and she was put on her inquiry by service on her of a petition of a creditor attacking said judg‐ ment for fraud, and she makes no investigation until a year after the judgment is ren‐ dered, the action to annul is prescribed. 18 Ann. 280; 18 Ann. 507; 8 La. 101; 2 La. 180; 15 Ann. 273.
3. Where a nominal sale is attacked as simulated, and the nominal vendee set up the sale was intended as a security for the payment of a just debt, the actual contract will be enforced. 32 Ann. 94; Parmer vs. Mangham, 31 Ann. 348.

The opinion of the Court was delivered by

TODD, J. This is a suit brought by Mrs. Adele Bory, the defendant in the case of N. King Knox vs. Mrs. Adele Bory, No. 383 on the docket of said court, to annul the judgment rendered in the case, being the same judgment attacked by Paul Bertrand in the suit just decided.

The grounds of nullity are identical in the two cases. They embrace

alleged vices of form and proceedings, such as the want of legal authorization to defend said suit and the want of jurisdiction in the court which rendered the judgment; and alleged frauds and ill-practices in procuring the judgment, all of which were mentioned in the opinion delivered in the case of Bertrand vs. Knox et al. referred to.

Among other defenses to the suit, the plea of prescription of one year was interposed, which was sustained by the judge a quo and the suit dismissed.

The judgment sought to be annulled was rendered on the 18th of November, 1882. This suit to annul it was filed on the 1st of March, 1884, more than a year after its rendition.

The plea of prescription is not applicable to the alleged vices of form and proceeding set up in the petition, since such prescription is no bar to the action of nullity on such ground.

There is, however, no merit in the contention with respect to those alleged vices.

The husband of Mrs. Bory was absent in France when the suit was instituted. Mrs. Bory was a public merchant at the time, having a separate interest which she conducted alone.

The citation to her issued in suit 382 on the 2d of October, 1882, and the order of the judge authorizing her to defend the suit and stand in judgment bears the same date. This was sufficient in the absence of the husband. This order was indorsed on the petition and must be presumed to have been made before citation issued, and was doubtless copied with the petition that was served on Mrs. Bory. C. P. Art. 118, Brown, Syndic, vs. Ferguson, 4 La. 259.

Relative to the nullities resulting from alleged fraud and ill-practices charged, and to which the plea of prescription is specially applicable, we have seen that the suit of nullity was instituted more than a year after the rendition of the judgment assailed.

The requirement of the law is that such suit must be brought within the year from the rendition of the judgment or the discovery of the frauds or ill-practices alleged. Mrs. Bory asserts that the suit was filed within a year after such discovery.

It is proved that Mrs. Bory was informed by Bertrand of the alleged frauds on which her action is based before his (Bertrand's) revocatory action against the judgment was filed. She was also made a party to this suit of Bertrand vs. Knox, and in the petition all these alleged frauds and grounds of nullity are fully set forth, which she (Mrs. Bory) afterwards adapted as her own, and that this petition was personally served on her. This was certainly notice to her. It matters not that she did not believe Bertrand or did not read the petition.

If an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses to profit by it, if he closes his eyes to the notice spread before him and shuts his ears to oral information directly imparted to him, the law will hold him as bound by the same, and as fully notified as if he had taken thorough personal cognizance at the time of the information imparted and of the notice given. 6 Ann. 800; 18 Ann. 507; Story Eq. Jurisprudence, Sec. 887. We have given this point an attentive consideration, and we see no possible way or means by which Mrs. Bory can defeat this plea of prescription or avoid its effect.

This suit also embraced a demand in revendication to recover the property known as Last Chance in which she was successful, judgment in this regard being in her favor and properly so since the pretended transfer or sale to Knox was admitted to be a simulation.

It is to be noted that since this appeal has been pending, the defendant, Knox, has died and his legal representatives have been made parties.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed. Costs of the lower court to be paid by the defendant and of this Court by the plaintiff and appellant.