# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-299

**MICHAEL SINEGAL**

**VERSUS**

**RICHARD R. KENNEDY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20014381
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, C.J., Billie Colombaro Woodard, and Oswald A. Decuir, Judges.

**AFFIRMED.**

**Lawrence Blake Jones**
**Pamela B. Lolan**
**Scheuermann & Jones**
**210 Baronne Street - Suite 1800**
**New Orleans, LA 70112**
**Telephone:  (504) 525-4361**
**COUNSEL FOR:**
        **Plaintiff/Appellant - Michael Sinegal**

**Paul Holden Spaht**
**Sabrina L. Dennis**
**W. Scott Keaty**
**Kantrow, Spaht, Weaver & Blitzer**
**P. O. Box 2997**
**Baton Rouge, LA 70821-2997**
**Telephone:  (225) 383-4703**
**COUNSEL FOR:**
        **Defendant/Appellee - Richard R. Kennedy**

THIBODEAUX, Chief Judge.

This case involves a legal malpractice claim brought by plaintiff, Michael Sinegal, against his former attorney, Richard Kennedy. Mr. Sinegal was injured in an accident at Guidry Hardware and Supply, Inc. (Guidry) and retained Mr. Kennedy as his attorney. Mr. Sinegal claims that Mr. Kennedy allowed prescription to run on a potential claim against Guidry. Mr. Kennedy filed a motion for summary judgment claiming that prescription was interrupted on the claim against Guidry. The trial judge granted Mr. Kennedy's motion for summary judgment ruling that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law. Essentially, the trial judge found that prescription had been interrupted by the payment of bills or benefits under the policy issued to Guidry. We agree with the trial court and affirm its judgment.

## I.

## ISSUE

Did the trial court err in granting summary judgment to the defendant? Stated differently, was prescription interrupted on Mr. Sinegal's tort claim such that his legal malpractice claim against Mr. Kennedy is defeated?

## II.

## FACTS

On March 6, 2000, Mr. Sinegal was injured in an accident at Guidry in Scott, Louisiana. Mr. Sinegal stepped on a peg left on the floor by an employee who was putting up a display. Mr. Sinegal was in the course and scope of his employment with M & J Carpet Cleaning Services (M & J's).

1

On or about April 18, 2000, Mr. Sinegal contacted Mr. Kennedy to represent him in a potential claim against Guidry. Mr. Kennedy did not file a suit on behalf of Mr. Sinegal within the one-year prescriptive period. Mr. Sinegal and Mr. Kennedy met on March 23, 2001, a few weeks after the March 6, 2001 prescriptive deadline. Mr. Kennedy gave Mr. Sinegal a copy of the documents in his file. He also gave Mr. Sinegal a copy of a letter he claimed to have mailed to Mr. Sinegal on December 22, 2000, in which he terminated their attorney/client relationship and advised him to retain new counsel and file suit promptly. Mr. Sinegal retained new counsel by April 2001. Mr. Sinegal filed suit on August 27, 2001, against Mr. Kennedy alleging legal malpractice.

From the time of the accident until August 2000, CNA Commercial Insurance (CNA), Guidry's insurer, made payments on Mr. Sinegal's claim. Thereafter, M & J's workers' compensation carrier started making payments to Mr. Sinegal until April 2001.

III.

## LAW AND DISCUSSION

### *Summary Judgment*

A motion for summary judgment is a procedural device used to avoid a full-scale trial if there is no genuine issue of material fact. *Sanders v. Ashland Oil, Inc.*, 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, *writ denied*, 97-1911 (La. 10/31/97), 703 So.2d 29. Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966 B.

2

Summary judgment is favored in our law and "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966 A(2).

The burden of proof on a motion for summary judgment is set forth in La.Code Civ.P. art. 966 C(2):

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Appellate courts, in determining whether summary judgment is appropriate in a case on appeal, review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Succession of Granger v. Worthington*, 02-433 (La.App. 3 Cir. 10/30/02), 829 So.2d 1108. The determination of materiality of a particular fact can be made only in light of the substantive law applicable to the case. *Rener v. State Farm Mut. Auto Ins. Co.*, 99-1703 (La.App. 3 Cir. 4/5/00), 759 So.2d 214.

### Prescription

Initially, we note that prescription statutes are to be strictly construed against prescription and in favor of upholding the obligation. *Lima v. Schmidt*, 595 So.2d 624 (La.1992). Thus, if there is a choice between two possible constructions, one which favors maintaining an action and one which favors barring it, an action should be adopted. *Id.* Louisiana Civil Code Article 3492 provides a one-year prescriptive period for delictual actions. The party asserting that prescription has

3

accrued ordinarily bears the burden of proof. *Compton v. St. Paul Fire & Marine Ins. Co.*, 01-386 (La.App. 3 Cir. 10/3/01), 796 So.2d 896. However, if the petition on its face reveals that prescription has run, then the burden shifts to the party not asserting prescription to show otherwise. *Lima*, 595 So.2d 624.

In this case, the legal malpractice petition filed in August 2001, on its face, shows that the applicable prescription period has run for the claim against Guidry. The accident occurred on March 6, 2000, but there was no suit filed against Guidry by March 6, 2001. Thus, Mr. Kennedy had the burden of proving that prescription was interrupted, suspended, or renounced. Mr. Kennedy argues that payments made by CNA constituted an acknowledgment of the obligation owed to Mr. Sinegal, and that this acknowledgment interrupted prescription. Mr. Kennedy further argues that filing of the workers' compensation claim also interrupted prescription.

"Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La.Civ.Code art. 3464. Acknowledgment is the recognition of the creditor's right or obligation that halts the progression of prescription before it has run. *Lima*, 595 So.2d 624. If prescription is interrupted, the accrued time is erased and prescription runs anew from the date of interruption. La.Civ.Code art. 3466.

An acknowledgment in a delictual claim need not be in any particular form. *Flowers v. United States Fid. & Guar. Co.*, 381 So.2d 378 (La.1980). Acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment of interest or by pledge, or otherwise indicated by the facts and circumstances. *Id*. Delictual claims may even be tacitly acknowledged as noted by our supreme court:

4

> A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. . . . Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescription period.

*Lima*, 595 So.2d at 634.

The facts in this case regarding prescription are undisputed. The record reveals that CNA paid $9,233.31 on Mr. Sinegal's claim until August 2000. In accordance with the criteria noted above, we conclude that these payments constitute tacit acknowledgment. Mr. Sinegal argues that these payments were made under the med-pay portion of the policy and, thus, are not sufficient to constitute acknowledgment because they are due irrespective of liability. However, when CNA sent notice that Mr. Sinegal's file would be closed, it listed these payments under "BODI," the bodily injury section and not under "MEDP," the med-pay section, indicating that these payments were for bodily injury. Furthermore, on a CNA form entitled "PAYMENT STATUS CHANGE REQUEST," a handwritten note stated that "No med pay coverage applies" to Mr. Sinegal's claim. Moreover, the trial court correctly noted that the payments were in excess of the medical pay policy limit of $5,000.00. Thus, even if CNA had paid $5,000.00 under med-pay, it paid an additional amount of $4,233.31 indicating that these extra payments were not med-pay. *See Keller v. Nat'l Union Fire Ins. Co.*, 617 So.2d 893 (La.1993).

From this evidence, the trial court determined that there were no genuine issues of material fact and Mr. Kennedy was entitled to judgment as a matter of law. We agree with the trial court and, thus, affirm its judgment. Because we find that

5

prescription was interrupted by payments made by CNA, we will not address the question of whether filing the workers' compensation claim interrupted prescription.

IV.

**CONCLUSION**

For the above reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed to Michael Sinegal.

**AFFIRMED**.