STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1420


MARGARET HUDDLESTON ET AL.

VERSUS

VANCE LUTHER ET AL.


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 197, 231
HONORABLE HARRY RANDOW PRESIDING, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Oswald A. Decuir, and James T. Genovese, Judges.

**AFFIRMED.**

Robert L. Beck, Jr.
Rivers, Beck, Dalrymple and Ledet
P.O. Drawer 12850
Alexandria, LA 71315-2850
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Margaret Huddleston, William C. Huddleston,
    and Alison Huddleston Winn

**Albin A. Provosty**
**John D. Ryland**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**Post Office Drawer 1791**
**Alexandria, LA 71309-1791**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Clarendon National Insurance Company**

**Edward E. Rundell**
**Gold, Weems, Bruser, Sues & Rundell**
**P.O. Box 6118**
**Alexandria, LA 71301-6118**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Vance D. Luther and Reliance Insurance Company**

**Stacy C.  Auzenne**
**Keiser & Auzenne, L.L.C.**
**P.O. Box 12358**
**Alexandria, LA 71315-2358**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Durand Logging, Inc.**

**John Albert Ellis**
**Louisiana Department of Justice, AAG**
**P.O. Box 1710**
**Alexandria, LA 71309**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State of Louisiana**

**William Shutte, Jr.**
**Jones, Walker, Waechter, Poitevent, Carrere & Denegre**
**8555 United Plaza Blvd., 5th Floor**
**Baton Rouge, La.  70809**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **International Paper Company**

**GENOVESE, JUDGE.**

This appeal arises from the trial court's granting of a motion for partial summary judgment on the issue of insurance coverage. The trial court found the vehicle involved in the subject accident was a "nonowned auto" under the policy issued by Clarendon National Insurance Company to Durand Logging, Inc., and thus a "covered auto" under the policy. Clarendon appeals. We affirm.

## FACTS

On July 23, 1999, Plaintiff, Allison Huddelston Winn, was driving east on Louisiana Highway 3128 in Rapides Parish with her mother, Margaret Huddleston, riding as a guest passenger, when they were involved in an accident with a tractor-trailer owned and operated by Defendant, Vance Luther ("Luther"). At the time of the accident, Luther was hauling timber for Defendant, Durand Logging, Inc. ("Durand Logging"). Allison Huddleston Winn, Margaret Huddleston and William C. Huddleston filed suit against Luther, his automobile liability insurer, Reliance Insurance Company ("Reliance"), Durand Logging Inc. and its insurer, Clarendon National Insurance Company ("Clarendon"), alleging that Luther and Durand Logging were insured under the Clarendon policy.

Plaintiffs filed a motion for partial summary judgment seeking a legal determination that the Clarendon automobile liability insurance policy issued to Durand Logging provided coverage for Plaintiffs' injuries. The trial court ruled in favor of coverage and Clarendon appealed.

## ISSUES

The issue on appeal is whether the trial court erred in finding that the vehicle driven by Luther was a "covered auto" under the Clarendon policy.

1

## LAW AND DISCUSSION

**STANDARD OF REVIEW**

Since the trial court decided the issue of insurance coverage by summary judgment, this court's standard of review is *de novo* and governed by the same criteria that governed the trial court's determination of whether summary judgment is appropriate. *Sinegal v. Kennedy*, 04-299 (La.App. 3 Cir. 9/29/04), 883 So.2d 1079; La.Code Civ.P. art. 966.

**INSURANCE COVERAGE**

The commercial auto policy, business auto coverage form, issued by Clarendon provides liability coverage under Section II - Liability Coverage. This portion of the policy provides in pertinent part as follows:

> **A. COVERAGE**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

Therefore, in order for there to be coverage under the Clarendon policy, the vehicle driven by Luther must be a "covered auto." In addition to those vehicles listed on the declarations page, the policy, at Section I - Covered Autos, sets forth additional categories of automobiles which are also included as "covered autos" under the policy. For our purposes, the limited inquiry is whether the Luther vehicle meets the definition of a "hired auto" or a "nonowned auto" under Section I (A) of the policy. The Clarendon policy defines these terms and provides coverage under the following terms and conditions of the policy:

> HIRED "AUTOS" ONLY. Only those "autos" you lease, hire, rent, or borrow. **This does not include any "auto" you lease, hire, rent, or borrow from any of your employees or partners or members of their households.**

2

> NONOWNED "AUTOS" ONLY. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. **This includes "autos" owned by your employees or partners or members of their households but only while used in your business or your personal affairs.**

(Emphasis added).

If the Luther vehicle meets the policy definition of a "hired auto," it is not a "covered auto" under the Clarendon policy due to the employee exclusion.[1] If the vehicle is a "nonowned auto," it is a "covered auto" as long as it was being used in Durand's business, which is not disputed.

In order to classify the Luther vehicle as either a "hired auto" or a "nonowned auto," this court must first determine if the vehicle was being leased, hired, rented or borrowed by Durand Logging. The trial court found that it was not. We agree.

Luther and Durand had an arrangement whereby Luther would haul wood for Durand using Luther's own truck and trailer. Luther was paid by the load for the wood he hauled and delivered. The evidence is clear that Durand exercised no control over the truck itself. No one at Durand Logging ever operated or maintained the Luther vehicle. All maintenance, repair and fueling expenses incurred were Luther's responsibility. Clearly, Durand Logging had no rights of possession, dominion, or control over the truck. See *Green v. Bobby A. Freeman Estate*, 99-1262 (La.App. 3 Cir. 4/5/00), 759 So.2d 201 and *Gore v. State Farm Mut. Ins. Co.*, 26,417, (La.App. 2 Cir. 1/25/95), 649 So.2d 162, *writ denied*, 95-481 (La. 4/21/95), 653 So.2d 555 cited therein.

The court does note that there was testimony from Luther and Mickie Durand, the owner of Durand Logging, that the tractor-trailer owned by Luther was being

---

[1] The trial court, at the hearing on the motion for partial summary judgment, also determined that Luther was an employee of Durand Logging. The judgment on that issue was not appealed.

leased to Durand when this accident occurred. However, the lay opinion of these individuals is not determinative on the legal requirements for a contract of lease.

The Louisiana Civil Code articles on lease were revised by 2004 La. Acts No. 821 effective January 1, 2005. However, this accident occurred in 1999 and the following articles are pertinent to this 1999 accident.

A contract of lease or hire was defined in La.Civ. Code art. 2669 as follows:

Art. 2669. Lease or hire, definition
*Lease* or *hire* is a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price.

The essential elements of lease were defined in La.Civ. Code art. 2670 as follows:

Art. 2670. Essential elements of lease
To the contract of lease, as to that of sale, three things are absolutely necessary, to wit: the thing, the price, and the consent.

Two kinds of leases were contemplated by La.Civ. Code art. 2673:

Art. 2673. Kinds of lease
There are two species of contracts of lease, to wit:
1. The letting out of things.
2. The letting out of labor or industry.

Louisiana Civil Code article 2674 defined lease of things as follows:

Art. 2674. Lease of things
To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other binds himself to pay him.

The agreement between Luther and Durand did not involve the lease of a specific thing, *i.e.* the vehicle. The parties did not agree that Durand was to have enjoyment of the truck for a "certain time" nor was there a "certain stipulated price" for the use of the truck. Luther was to use his own vehicle to accomplish the task of hauling wood. If considered to be a contract of lease, the agreement between Luther and Durand Logging was more akin to the lease of Luther's labor. See La.Civ. Code art.

4

2675. The record establishes that Luther was compensated based on the amount of wood he hauled with the truck. He was not paid a specified fixed amount for the use of the truck. Durand Logging hired Luther to perform the work, which is to be distinguished from a lease of the truck by Durand who had no rights to the truck itself as a result of the arrangement between the parties. We, like the trial court, therefore conclude that the vehicle being operated by Luther was not a vehicle leased by Durand Logging.

Since the Luther vehicle was not a vehicle leased to Durand, the proper classification under the Clarendon policy is that of a "nonowned auto", *i.e.* an automobile that Durand Logging did not own, lease, hire, rent or borrow that is used in connection with its business. This would include an auto owned by Luther, Durand's employee, while used in Durand's business affairs. Liability coverage is therefore provided under the policy issued by Clarendon to Durand Logging since the present accident results "from the ownership, maintenance, or use of a covered auto."

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Defendant/Appellant, Clarendon National Insurance Company.

**AFFIRMED.**