## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-111


**ROGER E. PIPER**

**VERSUS**

**SHELTER MUTUAL INS. CO.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 225,314
HONORABLE ALFRED A. MANSOUR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.


**Amy, J., concurs in the result and assigns written reasons.**


**REVERSED AND REMANDED.**

Stephen E. Everett
Attorney at Law
823 Johnston Street
Alexandria, LA 71301
(318) 443-6312
Counsel for Plaintiff/Appellant:
Roger E. Piper

**Michael D. Hislop**
**Bolen, Parker & Brenner**
**P.O. Box 11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**Counsel for Defendant/Appellee:**
**Shelter Mutual Ins. Co.**

**SAUNDERS, Judge.**

This case involves an automobile accident wherein the plaintiff brought an action against his uninsured/underinsured motorist policy more than two years after the accident.

The issuer of plaintiff's UM policy moved for a dismissal based upon prescription. The trial court found that the plaintiff's claim against his UM had prescribed on the face of the pleadings and that the plaintiff had not shown that prescription had been interrupted. As such, the trial court granted the Exception of Prescription and dismissed the plaintiff's claim.

The plaintiff has appealed the trial court's granting of this exception. We find that the plaintiff has shown that he has interrupted prescription. As such, we reverse the trial court's granting of the UM company's Exception of Prescription and remand the case for further proceedings. We assess all costs of this appeal to the UM company.

Reversed and remanded.

**FACTS AND PROCEDURAL HISTORY:**

On March 15, 2003, plaintiff, Roger E. Piper, (hereinafter "Piper") was in an automobile accident wherein he was rear-ended by a vehicle driven by Frances Coke (hereinafter "Coke"). Coke had the permission of the owner of the vehicle, James Glenn, to drive it. The vehicle driven by Coke was insured by Safeway Insurance Company of Louisiana (hereinafter "Safeway"). Coke had seven guest passengers riding with her.

As a result of the accident, Piper, along with the seven guest passengers of Coke, asserted that they were injured. On November 7, 2003, Safeway instituted Civil Suit No. 215,146 praying for concursus relief as provided by law. Piper and Coke, in

her individual capacity, along with others, were cited as claimants in the concursus proceeding.

On January 13, 2004, Piper answered the concursus proceeding instituted by Safeway. In his answer, Piper asserted that the accident was the sole fault of Coke and that he has suffered damages far in excess of the funds Safeway deposited with the court. At the end of the answer Piper submitted, Piper's counsel signed a certificate that the answer had been served upon all parties in the proceeding. All parties in the proceeding included Coke in her individual capacity.

On August 8, 2006, the concursus proceeding filed by Safeway was terminated. On August 17, 2006, Piper instituted the present suit against Shelter Mutual Insurance Company (hereinafter "Shelter") under Piper's Uninsured/Underinsured Motorist provision in the policy of insurance that Shelter had issued to Piper.

In response to Piper's suit, Shelter filed a Peremptory Exception of Prescription. The trial court granted this exception and Piper has appealed. We reverse the trial court's granting of Shelter's exception and remand the case to the trial court for further proceedings. We assess all costs of this appeal to Shelter.

**ASSIGNMENT OF ERROR:**

1. Was the trial court erroneous in granting Shelter's Peremptory Exception of Prescription?

**ASSIGNMENT OF ERROR #1:**

Piper asserts that the trial judge erroneously granted Shelter's Peremptory Exception of Prescription. Piper argues that when he answered Safeway's Petition for Concursus and asserted his claims against Coke, in her individual capacity, she was put on notice of Piper's claims against her and, as such, prescription was interrupted in relation to Coke and her solidarily bound obligor, Shelter. We agree.

2

"Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained." La.R.S. 9:5629.

"Delictual actions are subject to a liberative prescription on one year. This prescription commences to run from the day injury or damage is sustained. . . ." La.Civ.Code art. 3492.

The party alleging that a claim has prescribed ordinarily bears the burden of proof. However, when it appears that prescription has run from the face of the pleadings, the burden of proof then shifts to the party not asserting prescription to prove that prescription has been interrupted or suspended. *Younger v. Marshall Ind., Inc.*, 618 So. 2d 866 (La.1993).

"Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." La.Civ.Code art. 3462.

"The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." La.Civ.Code art. 1799.

A third party tortfeasor is solidarily bound with a claimant's uninsured/underinsured insurance company for the obligation owed by them to that claimant. *Hoefly v. Government Employee Ins. Co.*, 418 So.2d 575 (La.1982).

Under Louisiana Law, prescription statutes are strictly construed. If there are two possible constructions, one that bars the action and one that maintains the action,

3

then the construction that maintains the action should be adopted. *Lima v. Schmidt*, 595 So.2d 624 (La.1992); *Sinegal v. Kennedy*, 04-299 (La.App. 3 Cir. 9/29/04), 883 So.2d 1079.

In the case before us, Piper's claim has prescribed on the face of the petition. The cause of action arose on March 15, 2003, yet suit was not brought against Shelter until August 17, 2006. This period of time is obviously more than the two year liberative prescription under La.R.S. 9:5629. As such, Piper bears the burden of proving that prescription has either been interrupted or suspended in some fashion in order to defeat Shelter's exception.

Piper asserts that prescription was interrupted in relation to Shelter on January 13, 2004, when he answered Safeway's Petition for Concursus and served his answer on Coke. Piper argues that when he answered Safeway's petition asserting his claim against Coke, and served that answer on Coke, he interrupted prescription against Coke. Piper reasons that once prescription is interrupted against Coke, it is also interrupted against Shelter because Shelter is solidarily bound with Coke under the *Hoefly* case, and interruption of prescription against one solidarily bound obligor interrupts prescription against all solidarily bound obligors under La.Civ.Code art. 1799.

Shelter argues, and the trial court agreed in its ruling, that Piper failed to prove he did anything under La.Civ.Code art. 3462 to interrupt prescription in relation to Shelter. Shelter argues that Piper's answer to Safeway's Petition for Concursus cannot interrupt prescription under La.Civ.Code art. 3462 because the article specifically states that the obligee, Piper, has to commence an action against the obligor, Coke or Shelter, in order for prescription to be interrupted. Shelter argues

4

that Piper's answer to a petition for concursus was not the proper vehicle or within the proper context to bring his action against Coke and, therefore, Piper's answer did not interrupt prescription in relation to Coke.

We find that this argument, and the trial court's interpretation of La.Civ.Code art. 3462, are erroneous. According to the language of La.Civ.Code art. 3462, "[p]rescription is interrupted . . . when an obligee commences an *action* against the obligor, in a court of competent jurisdiction and venue." (Emphasis added). An "action" is defined as "a civil or criminal judicial proceeding." *Black's Law Dictionary* (8th Ed. 2004). An "action" is further described in *Black's Law Dictionary* as "an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense" by citing 1 Morris M. Estee, *Estee's Pleadings, Practice, and Forms* § 3, at 1 (Carter P. Pomeroy ed., 3d ed. 1885).

When we look to the plain and ordinary language in the statute, there is no requirement that the "action" need be brought via an original petition or that the "action" be commenced in the capacity of plaintiff. An action may be brought before a court by defendants via reconventional demand, cross-claim, or otherwise. It is likewise clear that a claim brought in a concursus proceeding would constitute an "action" as defined above.

Here, Piper, as an obligee, commenced his action against Coke, as an obligor, in the 9th Judicial District Court on January 13, 2004. On this date, Piper interrupted prescription in relation to Shelter's solidarily bound co-obligor, Coke. Louisiana Civil Code Article 3492 states, "[d]elictual actions are subject to a liberative prescription on one year." The date the accident occurred was March 15, 2003. Piper, under

5

La.Civ.Code art. 3492, had one year to bring his action against Coke. January 13, 2004, is well within that one year liberative prescription applicable to Coke .

Moreover, a finding that Piper has interrupted prescription against Coke is clearly consistent with the purpose of liberative prescription. Louisiana Civil Code article 3447 defines liberative prescription as "a mode of barring of actions as a result of inaction for a period of time."

Justice Tate, in *Giroir v. South Louisiana Medical Center, Div. of Hospitals*, 475 So.2d 1040, 1045 (La.1985), discussed the purpose of liberative prescription when he stated:

> The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. They are designed to protect him against *lack of notification* of a formal claim within the prescriptive period. (Emphasis added).

Here, Coke received a copy of Piper's answer to Safeway's Petition for Concursus as evidenced by Piper's counsel signing the following certificate, "I hereby certify service of the above and foregoing [answer] upon all persons entitled to the same in this proceeding, this date, in a manner consistent with law.

Alexandria, Louisiana, this 13th day of January, 2004."

Piper's answer included a paragraph alleging that the vehicle driven by Coke struck Piper's vehicle from behind, a paragraph wherein Piper alleged that the collision was due to the sole fault and negligence of Coke, a paragraph where the details of Piper's injuries were outlined, and a paragraph delineating the amount of damages Piper suffered to the specific total of $276,901.41. With these paragraphs, Coke was put on notice that Piper intended to assert a claim against her for any injuries he suffered over the amount Safeway deposited with the court in the

6

concursus proceedings.

As such, Coke would have suffered no psychological uncertainty nor any procedural injustice. Coke had notice to collect and preserve any evidence that tended to protect her from any claims asserted against her by Piper. Therefore, we find that prescription was interrupted in relation to Coke.

Under *Hoefly*, 418 So.2d 575, Shelter, as the UM of the plaintiff, and Coke, as the tortfeasor, are solidarily bound. Because Coke and Shelter are solidarily bound, La.Civ.Code art. 1799 necessitates that interruption of prescription against Coke does the same with Shelter. Therefore, we find that Piper was able to carry his burden of proof to defeat Shelter's exception. As such, we find that the trial court erred in granting Shelter's Exception of Prescription and remand the case for further proceedings not inconsistent with this opinion.

**CONCLUSION:**

The trial court dismissed Piper's action against Shelter due to a finding that prescription had run. We find that Piper has proven that he interrupted prescription against Coke and therefore Shelter. As such, we reverse the trial court's granting of Shelter's Exception of Prescription and remand the case for further proceedings not inconsistent with this opinion. We assess all costs of this appeal to Shelter.

**REVERSED AND REMANDED.**

NUMBER 07-111

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ROGER E. PIPER

VERSUS

SHELTER MUTUAL INS. CO.

AMY, J., concurring in the result.

I, too, conclude that a reversal is required. I write separately to observe that, in my opinion, an answer, generally, is not an action as contemplated by La.Civ.Code art. 3462. Rather, I believe that an answer filed in a concursus proceeding is viewed uniquely in the law in light of La.Code Civ.P. art. 4656 which provides that "[e]ach defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties." *See also Federal Nat. Bank & Trust Co. of Shawnee v. Calsim, Inc.*, 340 So.2d 611 (La.App. 4 Cir. 1976), *writs denied*, 342 So.2d 1110, 1111 (La.1977). I find application of this specific provision of law dispositive, as it supplies a critical distinction for the answer under consideration.

I respectfully concur in the result.