NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-408

STATE OF LOUISIANA, DEPARTMENT
SAFETY AND CORRECTIONS

VERSUS

LAFAYETTE COMMUNITY
CORRECTIONAL CENTER, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-1207
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion,
Judges.

Painter, J., dissents and assigns written reasons.

AFFIRMED.

Michael P. Mentz
James D. Garvey
Alayne R. Corcoran
Hailey, McNamara, Hall, Larmann
  & Papale, L.L.P.
P. O. Box 8288
Metairie, LA 70011-8288
(504) 836-6500
Counsel for Defendants/Appellees:
    Lafayette Community Correctional Center, Inc.
    Timothy A. Maragos
    Bob Tim Melancon
    Christopher L. Delay

**Christopher E. Moore**
**Erin R. Wedge**
**Coats │ Rose**
**400 Poydras Street, Suite 1440**
**New Orleans, LA 70130**
**(504) 299-3070**
**Counsel for Defendant/Appellee:**
     **Anne Hebert Thibodeaux**

**Stacey T. Landry**
**Assistant Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6550**
**Counsel for Plaintiff/Appellant:**
     **State of Louisiana, Department**
     **of Safety and Corrections**

**DECUIR, Judge.**

The State of Louisiana, Department of Public Safety and Corrections, Corrections Section (DOC), appeals the trial court's grant of peremptory exceptions of prescription, no right of action, and no cause of action in favor of various defendants.

**FACTS**

DOC contracted with Lafayette Community Correctional Centers, Inc. (LCCC), a nonprofit corporation, to provide and operate a work release program in accordance with La.R.S. 15:1111. The statute requires that inmate wages be kept in a public banking institution and that a ledger be maintained keeping track of each inmate's earned wages. Disbursement of funds from this account is controlled by the statute. LCCC maintained separate accounts for inmate wages and LCCC operational funds.

On February 22, 2008, DOC began an audit of LCCC. DOC determined that the LCCC general ledger had not been maintained since December 2007, and that LCCC did not reconcile their general ledger cash balance back to the inmate work release wage account balances. On February 25, 2008, having found irregularities, DOC shut down LCCC's operations. At the completion of the audit, on March 5, 2008, LCCC determined that $233,184.67 was unaccounted for. DOC replaced the funds in the inmate account.

On February, 26, 2009, DOC filed suit seeking reimbursement from LCCC, its Executive Director, Anne Hebert Thibodeaux (Thibodeaux), its Board of Directors, Timothy A. Maragos, Bob Tim Melancon, Christopher L. Delay (Directors), and its insurer, Eagan Insurance Agency. DOC's petition alleged negligence and breach of fiduciary duty. Thibodeaux filed peremptory exceptions of no right of action, no

cause of action, and prescription. The Directors filed exceptions of prescription. The trial court granted the exceptions and dismissed the claims against all Defendants. The court ordered the parties to pay their own costs. DOC lodged this appeal, and all defendants answered seeking to recover for frivolous appeal.

## NO RIGHT OF ACTION

DOC contends that the trial court erred in granting Thibodeaux's exception of no right of action. We disagree.

The purpose of an exception of no right of action is to test whether a plaintiff has a real and actual interest in the action. In *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n,* 94-2015, pp. 4-5 (La. 11/30/94), 646 So.2d 885, 888 (footnote omitted), the supreme court explained the exception as follows:

> The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Babineaux v. Pernie-Baily* [Bailey] *Drilling Co.*, 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.

DOC argues this assignment as if the trial court granted the exception of no right of action in favor of all the defendants. This is not the case. Thibodeaux is the only defendant who raised the exception of no right of action. Therefore, the question for this court is whether DOC has a right of action against Thibodeaux personally.

DOC contracted with LCCC to administer the work release program. Thibodeaux merely worked for LCCC. DOC alleges no direct relationship with Thibodeaux which would support a right of action against her. Accordingly, the trial court did not err in granting Thibodeaux's exception of no right of action.

2

**NO CAUSE OF ACTION**

DOC argues that the trial court erred in granting the exception of no cause of action in favor of Thibodeaux. We need not address this issue because our determination of the previous issue renders this assignment moot.

**PRESCRIPTION**

DOC contends the trial court erred in granting the exceptions of prescription in favor of all Defendants. We disagree.

"The party alleging that a claim has prescribed ordinarily bears the burden of proof. However, when it appears that prescription has run from the face of the pleadings, the burden of proof then shifts to the party not asserting prescription to prove that prescription has been interrupted or suspended." *Piper v. Shelter Mut. Ins. Co.*, 07-111, p. 3 (La.App. 3 Cir. 5/30/07), 958 So.2d 120, 122, *writ denied*, 07-1319 (La. 9/28/07), 964 So.2d 369.

DOC argues that the defendants by their acts intentionally breached their fiduciary duties as directors, thereby extending the prescriptive period to two years. DOC made no such allegations in its pleadings or in the trial court. DOC cannot now raise this issue. The trial court found that DOC alleged negligence and breach of fiduciary duty. The court found that the applicable prescriptive period was one year and that DOC had constructive knowledge of the defendants' alleged acts on February 22, 2008. This is consistent with DOC's pleadings.

DOC argues that prescription should not have commenced until its audit was complete on March 5, 2008. DOC's actions in shutting down LCCC on February 25, 2008, do not support that contention. DOC did not file suit until February 26, 2009.

3

The trial court did not err in granting the exceptions of prescription in favor of all defendants.

## FRIVOLOUS APPEAL

The defendants answer the appeal seeking damages for frivolous appeal. While DOC' s argument may not be the strongest, we do not find the appeal to be frivolous. The relief requested by the defendants is denied.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings in the amount of $1,425.90 are taxed to the State of Louisiana, Department of Public Safety and Corrections, Corrections Section.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

**STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, CORRECTIONS SECTION**

**V.**

**LAFAYETTE COMMUNITY CORRECTIONAL
CENTER, INC. AND TIMOTHY A. MARAGOS
AND BOB TIM MELANCON AND CHRISTOPHER L. DELAY
AND ANNE HEBERT THIBODEAUX AND EAGAN INSURANCE AGENCY,
INC.**

**\* \* \* \* \* \* \* \***

PAINTER, J., dissenting.

I respectfully dissent from the majority herein. I would find that prescription did not begin to run until the completion of the audit, since prior to that time, the DOC did not know whether any harm had been incurred.

> For purposes of the discovery doctrine of contra non valentum, a plaintiff will be deemed to know that which he could have learned from reasonable diligence. *LaPlaque Corp. v. Chevron, USA, Inc.*, 638 So.2d 354 (La.App. 4 Cir.1994). 'If an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses to profit by it, if he closes his eyes to the notice spread before him and shuts his ears to oral information directly imparted to him, the law will hold him as bound by the same, and as fully notified as if he had taken thorough personal cognizance at the time of the information imparted and of the notice given.' Id., at p. 1383, citing *Bory v. Knox*, 38 La.Ann. 379 (La.1886).

*Caro v. Bradford White Corp.*,96-120, p. 6 (La.App. 5 Cir. 7/30/96), 678 So.2d 615, 618.

In this case it was only *after* the investigation herein that the DOC could be assumed to know that which could be learned with reasonable diligence. Therefore, it is my opinion that prescription began to run at the time the investigation was completed.

Alternatively, I would find that the petition herein alleged sufficient facts to support a finding that a two year prescriptive period applies under La.R.S. 12:96(B), which states that:

> B. No action for damages against any director or officer for intentional tortious misconduct, or for an intentional breach of the director's or officer's duty of loyalty, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered.

The majority herein finds that this was newly raised on appeal and that it was not supported by the petition. The petition states the following:

> 15.
> The officers and directors of LCCC breached their fiduciary duties to operate the work release program and maintain inmate work release wage accounts in accordance L.A. R.S. 15:111 and the Standard Operating Procedures for Work Release Programs issued by Plaintiff, Louisiana Department of Public Safety and Corrections– Corrections Section.

These allegations sufficiently allege a knowing and intentional breach of duty to state a cause of action under La.R.S. 12:96(B). Therefore, I would alternatively find that a two year prescriptive period applies.